IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL B. BORDER, ADMINISTRATOR OF THE ESTATE OF ADAM N. BORDER, DECEASED, *et al.*, | ) ) ) ) | CASE NO. 4:08 CV 3032 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| TRUMBULL COUNTY BOARD OF COMMISSIONERS, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendants Trumbull County, Correction Officer John Naples, and Correction Officer Mike Geer's (collectively "the County Defendants") Motion for Reconsideration. (ECF #104). Plaintiffs filed a Motion to Strike and Opposition to Defendant Trumbull County, John Naples and Michael Geer's Motion for Reconsideration, (ECF #108), and the County Defendants filed a Reply/Opposition to the Motion to Strike. (ECF #114).

The County Defendants contend that the Court's January 14, 2010 Order relied on misstated affidavit testimony by Officer Naples. The Court's Order misconstrued Officer Naples testimony as acknowledging that he received notice from another inmate that Border was having trouble breathing, and that he relayed this information to Officer Geer who then rendered

treatment to Mr. Border. This in fact was not the testimony contained in Officer Naples affidavit. In fact, Officer Naples acknowledged that he received notice that an inmate other than Mr. Border was having trouble breathing, and that Officer Geer caused medical treatment to be provided to that other inmate.

While it is true that the January 14 Order misstated this testimony, the Court's Order was not dependent on this information. The basis for the denial of summary judgment was the existence of conflicting testimony which created a general issue of material fact, rendering the case unsuitable for summary judgment. The misstatement of Officer Naples testimony appeared to strengthen the Plaintiffs' position, but was not the sole evidence supporting it. Therefore, even taking into account the actual testimony provided by Officer Naples, an issue of fact remains on the issue of qualified immunity. The testimony provided by Officer Naples and Officer Geer is contradicted by the testimony of Lewis Moler and Gary Smith with regard to the officers' knowledge of Mr. Border's medical problems and their conduct in response to his condition. Because there was conflicting testimony on a material issue of fact, summary judgment was not appropriate and the Court's Order denying summary judgment shall remain in place.

The County Defendants also complain that the Court did not rule on Trumbull County's request for summary judgment on the issue of immunity under *Monell v. New York City Dept. of Social Services* (1978), 436 U.S. 658, 691. They contend that summary judgment should have been granted in the County's favor because the Plaintiffs did not address the County's arguments in their opposition. However, as Plaintiffs have pointed out, and Defendants have failed to contest, the Court specifically asked the parties to brief only the issue of qualified immunity.

The governmental immunity established through *Monell* and its progeny is not qualified immunity. Therefore, Plaintiffs' failure to brief this issue is not a waiver of their opposition to summary judgment on this topic.

For the reasons set forth above, the County Defendants' Motion for Reconsideration is DENIED. (ECF #104). Plaintiffs' Motion to Strike is also DENIED. (ECF #108).

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 16, 2011