IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL B. BORDER, *et al.*, ) | CASE NO.: 4:08 CV 3032 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| TRUMBULL COUNTY, *et al.*, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |
| ) | |

This matter is before the Court on Defendant Phillip P. Malvasi, D.O.'s Motion To Dismiss Counts One Through Six of Plaintiff's Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6). (ECF #121). Plaintiffs have filed a brief in opposition to the motion, (ECF #133), and Defendant Malvasi filed a reply in support of his motion. (ECF # 135). After careful consideration of the briefs and a review of all relevant authority, Defendant's' motion to dismiss is GRANTED.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 9(f) dictates that allegations of time and place are material when testing the sufficiency of a pleading. Therefore, if the allegations in the Complaint clearly show that a claim has not been made within the time period set forth in the appropriate statute of limitations, that claim can be dismissed under Fed.R.Civ.P. 12(b)(6). *See Ott v. Midland-Ross Corp.*, 523 F.2d 1367 (6th Cir. 1975).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## FACTS[1]

This case was brought to recover damages related to the death of Adam Border. Mr. Border died on January 13, 2008 while in custody at the Trumbull County Jail. Plaintiffs filed their original Complaint on December 30, 2008. The Complaint raised five claims against medical personnel or alleged supervisors of medical personnel, including: (1) Constitutional deprivations under the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983; (2) Wrongful death under 42 U.S.C. § 1983 and O.R.C. § 2125.01- §2125.03; (3) Failure to Train and Supervise under 42 U.S.C. § 1983; (4) a Survivorship Action ; and, (5) Intentional Infliction of Emotional Distress. The original Complaint named Trumbull County, the Sheriff, John and Jane Doe Corrections Officers, and John and Jane Doe medical personnel. It did not name Dr. Malvasi as a party to the action. Responsibility for the failure to train, direct, and supervise both correction officers and medical personnel was alleged to belong to the Defendant County and Sheriff.

On April 14, 2009, Plaintiffs filed their First Amended Complaint. At the time the First Amended Complaint was filed, Plaintiffs knew of the existence of Dr. Malvasi through public records. Exactly what Plaintiffs knew about Dr. Malvasi and his role at the Trumbull County Jail at this time is not a part of the record before this Court. The First Amended Complaint retained John and Jane Doe Defendants for medical personnel and corrections officers, and added several new named parties including various county employees, corrections officers, and medical personnel whose identity had been subsequently discovered or confirmed. Defendants Bazetta

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

Township and City of Cortland, along with police officers from both entities were also added in the First Amended Complaint. In addition, the claim for failure to train and supervise under 42 U.S.C. § 1983 was eliminated, and a claim for Negligence/Malpractice was added as Count Three of the Complaint. Again, the Complaint alleges that the County, the Sheriff and now the Assistant Wardens were responsible for the alleged failure to train, supervise and direct the corrections officers and medical personnel.

On June 29, 2009, Plaintiffs' Counsel received a letter from Trumbull County identifying Defendant Malvasi as the Jail Physician. The letter indicates that the award bid, a copy of the contract between Trumbull County Sheriff's Department and Dr. Malvasi, and an affidavit were included with the letter. Plaintiffs included only the award bid and the original letter as an exhibit to their Brief in Opposition. On October 9, 2009, Noreen Whitlock, a nurse who was on duty and alleged to have treated Mr. Border before he died, testified that Dr. Malvasi was her employer, and that she discussed her treatment of Mr. Border with Dr. Malvasi.

On February 8, 2010, the Court stayed this action pending resolution of an appeal on the issue of qualified immunity. (ECF # 96). The appeal was resolved on April 19, 2011 when the Court of Appeal issued its mandate affirming the denial of qualified immunity. (ECF #99).

On August 2, 2011, the Second Amended Complaint was filed naming Dr. Malvasi. Two counts were added to the Second Amended Complaint: Constitutional Custom, and Failure to Train and Supervise. The Medical Malpractice claim named Defendants County, John and Jane Doe Medical Personnel, Whitlock and Malvasi. All other counts name all Defendants without distinction. (ECF # 115). The Second Amended Complaint also eliminated the Trumbull County Sheriff as a defendant. In comparing the original Complaint to the Second Amended Complaint,

it is clear that Dr. Malvasi was substituted for the Trumbull County Sheriff, and not one of the John Doe Medical Personnel.

The statute of limitations for Counts One through Four, and Six of the Second Amended Complaint are two years. The statute of limitations for Count Five (Medical Malpractice) is one year. The parties agree that this cause of action accrued upon Mr. Border's death in January of 2008. The Second Amended Complaint naming Dr. Malvasi was not filed until August of 2011. There is no question that Dr. Malvasi was not named as a Defendant in these claims within the applicable statute of limitations.

## ANALYSIS

Dr. Malvasi argues that he was added as a defendant after the statute of limitations had expired on Counts One through Six, and that those claims against him should be dismissed.[2] Plaintiffs agree that the statute of limitations on these counts expired prior to the filing of the Second Amended Complaint, which named Dr. Malvasi as a defendant for the first time. However, they argue that Fed.R.Civ.P. 15(c) provides that these claims against Dr. Malvasi should relate back to the filing of the original Complaint for purposes of the statute of limitations.

Fed.R.Civ.P. 15(c) governs when an amended pleading relates back to the date of a timely filed Complaint, rendering it immune from dismissal on statute of limitations grounds. *Krupski v. Cost Crociere*, 130 S.Ct. 2485, 2485 (2010). In order to relate back to the timing of the

---

[2] Dr. Malvasi (along with every other Defendant) is also named in Count Seven, Intentional Infliction of Emotional Distress. He has not sought dismissal of this Count on statute of limitations grounds.

original Complaint, a subsequent pleading that "changes the party or the naming of a party against whom a claim is asserted" must meet the following requirements:

(1) the amendment must assert a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading;

(2) within 120 days of filing the original Complaint, the party to be brought in by amendment must have received such notice of the action that it will not be prejudiced in defending on the merits; and,

(3) within 120 days of the filing of the original Complaint, the party to be brought in knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C).

Defendant spends a good portion of his motion arguing that Plaintiffs knew of his existence and his role a jail physician prior the expiration of the statute of limitations and long before they filed their second amended complaint, and that this should preclude them from being allowed to relate the subsequent amendment back to the filing of the original Complaint. The Supreme Court has made clear, however, that a Plaintiff's knowledge and the speed with which it corrects its mistake is not a relevant consideration under Fed.R.Civ.P. 15(c). *Krupski* at 2490. Rather, Fed.R.Civ.P. 15 is concerned with the Defendant's knowledge of the lawsuit. *Id.* If the substituted Defendant knew or should have known, within 120 days of the filing of the original Complaint, that he would have been named, but for a mistake by the Plaintiffs, then Rule 15(c)(1)(C)(ii) will be satisfied.

In this case, although Plaintiffs may well have been slow to correct their mistake, it appears clear from the pleadings that they originally brought suit against the Sheriff believing that he was in charge of the medical personnel at the Trumbull County Jail, and that they only later discovered that Dr. Malvasi actually was responsible for the oversight of the medical personnel. Based on the allegations and descriptions in the Complaint, Dr. Malvasi certainly would have known, had he seen the Complaint, that the Sheriff was wrongly named, and that he would have been the proper defendant.

However, the Plaintiffs have presented absolutely no evidence that would lead to the conclusion that Dr. Malvasi had received notice of the action or that he knew or should have known of the allegations contained therein, within the 120 day period set forth in Fed.R.Civ.P. 4(m) as referenced and required under Fed.R.Civ.P. 15(c)(1)(C). Plaintiffs argue that "it is hard to believe that Defendant Malvasi was not aware;" it is "expected" that he had knowledge of Plaintiffs' claims when his employee was named in the First Amended Complaint (two weeks before the 120 day period for notice would have expired); and that Trumbull County employees "most likely discussed the matter with Dr. Malvasi" sometime after the original Complaint was served. Nowhere, however, do they present any actual evidence that Dr. Malvasi knew about the Complaint. Nor is there any evidence that he should have known about the specific allegations in the Complaint that would have implicated his connection to the litigation within the required 120 period after the filing of the original Complaint. Thus, even if the Court could assume that Dr. Malvasi had heard of the litigation and knew that the County and even his employee (who is alleged to have had direct contact with the deceased) were named in the Complaint, prior to the expiration of the 120 day period, we cannot further assume that he was aware of the specific

allegations against the Sheriff such that he would have known that the Sheriff had been mistakenly identified, in his place, as serving as the supervisor of medical personnel.

As there is absolutely no evidence that Dr. Malvasi knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity within 120 days of the filing of the original Complaint, the relation back requirements of Fed.R.Civ.P. 15(c) are not satisfied. Having not satisfied that requirements for relation back of the Second Amended Complaint, claims one through six, as against Dr. Malvasi only, were undisputedly brought outside the applicable statutes of limitation and must be dismissed.

## CONCLUSION

For the reasons set forth above, the Defendant, Dr. Malvasi's Motion To Dismiss Counts One Through Six of Plaintiff's Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), (ECF #121), is hereby GRANTED. Dr. Malvasi remains as a defendant in the case subject to the claim set forth in Count Seven. IT IS SO ORDERED.

*Donald C. Nugent*
Judge Donald C. Nugent
United States District Judge

Date: *February 21, 2012*